WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph George Carter,<br><br>   Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>   Respondents. | No. CV-21-08094-PCT-SRB (MTM)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Joseph George Carter has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.

**I. SUMMARY OF CONCLUSION**

In Arizona Superior Court, a jury convicted Petitioner of unlawful flight from a pursuing law enforcement vehicle. Petitioner asserts a single ground for relief. He argues a violation of the Interstate Agreement on Detainers requires vacating his conviction and dismissing the charge with prejudice. Petitioner exhausted his ground for relief in the Arizona courts. But because Petitioner's claim is likely not cognizable and is without merit, the Court recommends the Petition be denied and dismissed with prejudice.

**II. BACKGROUND**

  **A. Conviction and Sentencing**

Petitioner was indicted in Arizona on one count of unlawful flight from a pursuing

law enforcement vehicle. Doc. 17-1, Ex. A, at 3.[1] At the time Petitioner was indicted in Arizona, he was serving a California prison sentence in California. *See* Doc. 17-1, Ex. A, at 3 (indictment filed on October 19, 2017); doc. 17-1, Ex. H, at 38 (Petitioner transfer initiated on May 1, 2018). Petitioner's transfer from California to Arizona was initiated when Arizona authorities received his request for final disposition of the charges against him under the Interstate Agreement on Detainers (IAD), which is "a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 538 U.S. 110, 111 (2000); A.R.S. § 31-481; doc. 17-1, Ex. H, at 37–38.

Petitioner had his first hearing in Arizona on July 9, 2018. Doc. 29-1, Ex. L, at 3. Trial was continued several times and a settlement conference failed to resolve the charges. On March 12, 2019, Petitioner moved to dismiss the charges, arguing more than 180 days had passed since Petitioner requested final disposition under the IAD. Doc. 1 at 14–22; *see also* A.R.S. § 31-481, Art. III(a) (prisoner "shall be brought to trial within one hundred eighty days after he shall have caused to be delivered" the request for final disposition to the requesting state's prosecutor and court) (codification of the IAD in Arizona law). The Superior Court denied the motion, and trial began on April 30, 2019. Doc. 17-1, Ex. C, at 8; Ex. H, at 38. The jury convicted Petitioner, and the Superior Court sentenced him to three and one-half years' imprisonment. Doc. 17-1, Ex. D, at 14; Ex. E, at 18.

### B. Direct Appeal

On appeal, Petitioner's counsel filed an *Anders* brief stating she found "no arguable question of law that is not frivolous." Doc. 17-1, Ex. F, at 26. Petitioner's *pro se* supplemental brief asserted his charges should have been dismissed based on an alleged violation of the IAD, because he "was extradited from a California prison [for his Arizona cases] pursuant to the IAD, yet not brought to trial on any of the cases until appx. 300 days had passed." Doc. 17-1, Ex. G, at 30. The Arizona Court of Appeals affirmed his conviction

---

[1] Petitioner faced other charges in separate cases. Some of these other cases are the subject of separate habeas petitions before this Court in 3:21-cv-8075-PCT-SRB (MTM) and 3:21-cv-8110-PCT-SRB (MTM).

and sentence, and later issued its mandate on July 30, 2020, after Petitioner did not seek review from the Arizona Supreme Court. Doc. 17-1, Ex. H, at 39; Ex. I, at 41.

### C. Post-Conviction Relief Proceedings

Petitioner filed a notice requesting post-conviction relief. Doc. 17-1, Ex. J, at 44. Petitioner's counsel, however, filed a notice of no colorable claim, and requested an extension for Petitioner to file a petitioner for post-conviction relief pro per. Doc. 17-1, Ex. K, at 49. Petitioner never filed a pro per petition, and the Superior Court dismissed the proceedings without reaching any claims on the merits. Doc. 17-1, Ex. K, at 49.

## III. PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed his habeas Petition on May 3, 2021. Doc. 1. As summarized in this Court's Order, "Petitioner raises one ground for relief, claiming he was denied due process, in violation of the Fifth and Fourteenth Amendments. He alleges he was extradited after initiating proceedings pursuant to the Interstate Agreement on Detainers, but 'it took appx. 300 days for trial and time was not waived.'" Doc. 6 at 2. This Court may review petitions for a writ of habeas corpus from individuals held in custody under a state-court judgment on the ground the person is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

### A. Petitioner Exhausted His State Remedies but the Claim is Likely not Cognizable.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

"[C]laims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). A petitioner must inform the Arizona Court of Appeals of his federal

claim and "describe both the operative facts and the federal legal theory on which his claim is based so that the state courts [can] have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 998–99 (9th Cir. 2005) (internal quotation marks omitted) (citations omitted).

This Court finds that Petitioner did fairly present his claim to the Arizona Court of Appeals. Petitioner's ground for federal habeas relief is the same ground for relief he raised in his *pro se* supplemental brief he submitted to the Arizona Court of Appeals. *See* Doc. 17-1, Ex. G, at 29–30 (*pro se* supplemental brief to the Arizona Court of Appeals) ("And the single issue . . . is a violation of the Interstate Agreement on Detainers Act (IAD). . . . Defendant was extradited from a California prison . . . pursuant to the IAD, yet not brought to trial . . . until appx. 300 days had passed."); doc. 1 at 6 (habeas Petition) ("Single issue presented is violation of IAD. Petitioner was extradited from a California prison after initiating IAD proceedings, but it took appx. 300 days for trial and time was not waived.").

Respondents, however, assert his claim is unexhausted because Petitioner "merely argued a violation of the IAD without attaching it to a federal constitutional violation, meaning that the state court never had the opportunity to address Carter's claim in the context of a federal constitutional right." Doc. 17 at 10–11. Respondents are not correct, however, because constructing and interpreting the IAD *is a matter of federal law*. *See Cuyler v. Adams*, 449 U.S. 433, 438–42 (1981); *see also Hill*, 528 U.S. 110, 111 ("As 'a congressionally sanctioned interstate compact' within the Compact Clause of the United States Constitution, Art. I, § 10, cl. 3, the IAD is a federal law subject to federal construction."); *Reed v. Farley*, 512 U.S. 339, 347 (1994) ("Respondent Indiana initially argues that the IAD is a voluntary interstate agreement, not a 'la[w] . . . of the United States' within the meaning of § 2254(a). Our precedent, however, has settled that issue: While the IAD is indeed state law, it is a law of the United States as well." (citations omitted)).

The Court finds that Petitioner raised a specific federal issue for relief in state court and the ultimate question to be decided has remained the same. The operative facts and the

underlying federal legal theory on which his claim is based are the same here as they were in state court. *See McFadden*, 399 F.3d at 998–99; s*ee also Robinson v. Schriro*, 595 F.3d 1086, 1102 n..14 (9th Cir. 2010) ("[A]s long as the 'ultimate question for disposition' has remained the same in state and federal court, as it has here, 'variations in the legal theory or factual allegations urged in its support' are entirely legitimate." (citations omitted)).

However, apart from whether Petitioner exhausted the IAD issue, his claim is likely not cognizable in federal habeas proceedings. In *Reed*, the Supreme Court held an IAD claim is not cognizable in federal habeas proceedings when the petitioner failed to object to the trial date at the time it was set and when the petitioner suffered no prejudice because of the delay. 512 U.S. at 353–55. "[H]abeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Id.* at 348 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). In *Reed*, the petitioner agreed to a trial date after the IAD trial deadline and then brought the issue to the court's attention only after the IAD deadline had passed. *Id.* at 342–44. The *Reed* Court concluded "[w]hen a defendant obscures Article IV(c)'s time prescription and avoids clear objection until the clock has run, cause for collateral review scarcely exists. An unwitting judicial slip of the kind involved here ranks with the nonconstitutional lapses we have held not cognizable in a postconviction proceeding." *Id.* at 349.

This case is substantially like *Reed*. Here too, as discussed below, Petitioner did not object to the first trial dates the trial court set outside the IAD time-requirement, and nothing in the record indicates he raised the issue before the deadline had passed. There is nothing in the record, and nothing in Petitioner's briefing, to indicate any delay created a fundamental defect in Petitioner's trial; it does not appear he was prevented from fully making his defense. Petitioner also does not point to any specific prejudice he suffered.  He states he "was subjected to prolonged confinement in no-bail status and it was unnecessary." Doc. 25 at 24. But the mere passage of time is not prejudice, and as discussed

below the trial court at least twice stated its reason for choosing the trial dates in Petitioner's case. Though *Reed* looked at Article IV of the IAD and this case involves Article III, the two provisions are substantially similar, and Petitioner's claim is likely non-cognizable.

Nonetheless, *Reed* appears to have left open whether under some circumstances an IAD claim may be cognizable. *See Reed*, 512 U.S. at 349 ("This case, however, gives us no cause to consider whether we would confront an omission of the kind contemplated in *Hill*, *Timmreck*, or *Davis*, if a state court, presented with a timely request to set a trial date within the IAD's 120-day period, nonetheless refused to comply with Article IV(c)."). Notwithstanding the non-cognizability issue, the Court will address Petitioner's IAD claim because it is readily apparent the claim lacks merit even if it were cognizable. *See Veta v. Ryan,* No. CV 05-336-TUC-CKJ, 2010 WL 749935, at *5–6 (D. Ariz. Mar. 4, 2010) (finding petitioner's IAD claim not cognizable but still addressing the claim's merits).

### B. Petitioner's Argument Lacks Merit.

This Court may not grant habeas relief for any claim the state court adjudicated on its merits "unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). A state court concluding a petitioner's claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2001). The Court concludes Petitioner has not met his burden of showing that the decision by the Arizona court denying his IAD claim was contrary to or an unreasonable application of clearly established federal law.

The Arizona Court of Appeals made the following factual determinations:

> ¶12 Here, Appellant requested that he be transferred for trial for three of his cases under the IAD, and the request was approved by the warden of the California prison in which Appellant was incarcerated on April 11, 2018. The State received notice of the request on May 1, 2018, which presumably commenced the 180-day period. *See Almly*, 216 Ariz. at 42, ¶ 3. At a pretrial conference on July 9, 2018, defense counsel requested a one-month continuance. Later, on August 6, 2018, defense counsel requested a settlement conference, which was scheduled for September 14, 2018, but

- 6 -

> was then continued to October 23, 2018, due to a court conflict. On September 24, 2018, the court held a status conference, and defense counsel again requested a continuance to October 29, 2018. On October 29, 2018, the State and defense counsel jointly requested Appellant's four cases be tried in chronological order. Finding good cause, the court set trial for Appellant's first case on February 5, 2019, and trial for the instant case was scheduled on March 26, 2019. Defense counsel did request earlier dates, but due to its schedule the court was not able to accommodate the request. On January 22, 2019, a court scheduling conflict led the court to continue Appellant's trials despite defense counsel's objection. On February 19, 2019, the court set trial for the instant case for May 14, 2019. On March 18, 2019, the court accelerated the trial date to April 30, 2019.
>
> ¶13 This timeline of events shows that, although Appellant was incarcerated in Mohave County pursuant to the IAD for more than 300 days, at least 220 days of delay were occasioned by necessary and reasonable continuances by the court, which found good cause for those continuances. Nothing indicates the trial court failed to act in good faith in setting the trial dates at the earliest times available given defense counsel's requests for continuance, the court's scheduling conflicts, and the agreement of both parties to hear Appellant's cases in chronological order.

Doc. 17-1, Ex. H, at 38–39. The Arizona Court of Appeals summarily concluded "[o]n this record, after factoring in the delays for good cause, we find no violation of the IAD's 180-day trial requirement." Doc. 17-1, Ex. H, at 39.

This Court's review is limited to the last reasoned state-court decision. *Noguera v. Davis*, 5 F.4th 1020, 1034 (9th Cir. 2021). A federal court reviewing a habeas petition "should 'look through' an unexplained decision to the last related state-court decision that does provide relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Here, the Arizona Court of Appeals did not provide its reasoning in reaching the legal conclusion that no IAD violation had occurred. Specifically, the Arizona Court of Appeals did not analyze whether the trial court was correct in its exclusion of certain periods from the statutory calculation. Similarly, the record before this Court does not contain any Order of the trial court explaining its calculations under the IAD. While the record now contains the orders, minute entries, and transcripts of most of the trial court's proceedings, some are absent, notably the trial court's denial of Petitioner's Motion to Dismiss based on his IAD

- 7 -

argument. *See* doc. 29 (providing supplemental minute entries and orders, but advising that Respondents "could find no order or minute entry associated with the February 19, 2019, resetting of Carter's trial" or any transcript, order, or minute entry associated with the trial court denying Petitioner's IAD claim "after an exhaustive search of the record in this case, as well as Carter's companion cases, including telephone calls to the Clerk's Office of the Mohave County Superior Court and the Mohave County Attorney's Office").

Where, as here, the state-court record does not provide a decision containing the reasoning for a decision, "[a petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for" the state-court decision. *Noguera*, 5 F.4th at 1034 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 187–88 (2011)). "Thus, when a state court rules on a petition summarily, a habeas court must determine what arguments or theories could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court." *Id.* (cleaned up).

*Analysis under the IAD*

Article III of the IAD provides that a prison warden must notify prisoners of all detainers against them and inform them of their right to request final disposition of the charges on which the detainer is based. *Brown v. Wolff*, 706 F.2d 902, 904–05 (9th Cir. 1983). "If a prisoner demands disposition, he must be transferred and brought to trial within 180 days or the charges will be dismissed with prejudice, unless good cause can be shown." *Id.* at 905 (citations omitted); A.R.S. § 31-481, Art. III(a). "[P]rovided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." *Hill*, 528 U.S. at 112 (quoting Art. III(a)). "[T]he 'necessary or reasonable continuance' provision is, by clear implication, the sole means by which the prosecution can obtain an extension of the time limits over the defendant's objection." *Id.* at 116.

A prisoner can waive the IAD's protections either by affirmative conduct or

agreeing to scheduling decisions that would be counter to the IAD's protections. *Id.* at 114–16; *Brown*, 706 F.2d at 907 (finding waiver, and accordingly no IAD violation, when the petitioner had requested continuances and "acted contrary to the speedy trial provisions of the IAD").

Here, absent waiver or good cause for a continuance, Arizona had until October 28, 2018, to try Petitioner—180 days from receipt of Petitioner's IAD demand on May 1, 2018. *See Fex v. Michigan*, 507 U.S. 43, 47–51 (1993) (IAD clock runs from when the requesting state receives prisoner's IAD request). Petitioner's case did have multiple continuances, often at the request of his counsel. On July 9, 2018 (after 69 countable days), defense counsel requested a one-month continuance to continue plea negotiations. Doc. 29-1, Ex. L, at 3. On August 6, 2018, defense counsel requested a settlement conference, which the parties conducted on October 23, 2018. Doc. 29-1, Ex. N, at 12; Ex. Q, at 24.

On October 29, 2018, the trial court held a status conference after the settlement conference did not resolve the case. Doc. 29-1, Ex. S, at 64. At the hearing, defense counsel requested "the first available trial dates for" Petitioner's cases. Doc. 29-1, Ex. T, at 69. The trial court offered February 5, 2019, as a trial date in one of Petitioner's cases (a case which is not the subject of this habeas Petition), which defense counsel accepted. Doc. 29-1, Ex. T, at 70–71. Defense counsel then asked "Judge, do you have any earlier trial dates than that?" Doc. 29-1, Ex. T, at 71. The trial court responded that its docket was full prior to the date the court had offered. Doc. 29-1, Ex. T, at 71–72. The court advised the parties to contact the court's judicial assistant, who would coordinate the court's schedule with the parties. Doc. 29-1, Ex. T, at 72. Defense counsel did not object to that procedure. Later that day, the trial court, "[u]pon conferring with the Court's Judicial Assistant and good cause appearing," set the trial date as March 26, 2019,[2] for the case relevant to this habeas action. Doc. 29-1, Ex. S, at 65.

On this record, this Court finds that the Arizona courts could have reasonably concluded that, under the IAD, 75 non-excludable days had elapsed from the time of

---

[2] The minute entry erroneously set trial for March 26, 2018, which was later corrected to 2019.

- 9 -

Petitioner's IAD request (May 1, 2018) to the setting of the March 26, 2019 trial date. Sixty-nine days ran from May 1, 2018 to July 9, 2018, when Petitioner's counsel requested a continuance, and 6 days ran from the unsuccessful October 23, 2018 settlement conference to October 29, 2018, when the March 26, 2019 date was set.

Other than those 75 days in which the IAD clock ran, the Arizona courts could have reasonably concluded Petitioner's counsel validly waived the IAD's time protections by requesting continuances and, without objection, agreeing to a trial date beyond the IAD's 180-day limit. *See Hill*, 528 U.S. at 114–15 (counsel, without the defendant's express consent, can waive some of the IAD protections by agreeing to trial dates after 180-day limit); *Brown*, 706 F.2d at 907 (finding waiver of time when the defendant proposed continuances). Indeed, in Petitioner's Motion to Dismiss filed before the trial court, Petitioner conceded that the time between July 9, 2018, and October 23, 2018 (settlement conference), did not count against the IAD's 180-day clock because those delays were at Petitioner's request. Doc. 1 at 19. Further, at the October 29, 2018 status conference, defense counsel did not object to the trial dates proposed by the trial court. Accordingly, the Arizona court could reasonably have found the time from October 29, 2018, to March 26, 2019, to be excludable under the IAD calculation. *Brown*, 706 F.2d at 907.

The trial court's good cause finding and stated reasons on the record for why it could not hold the trial sooner give added support to finding the time between the October 29, 2018 status conference and the March 26, 2019 trial date excludable from the IAD calculation (doc. 29-1, Ex. S at 65; Ex. T, at 71). *See Hill*, 528 U.S. at 112; *Reed*, 512 U.S. at 351 (recognizing courts can "advance the date of the trial or make a finding on the record of good cause, either of which would [] satisf[y]" the IAD (quoting *Reed v. Clark*, 984 F.2d 209, 213 (7th Cir. 1993)).

As noted in this Court's analysis, by March 26, 2019, 75 days had run against the 180-day requirement under the IAD. The Court moved the date of trial several times before Petitioner's trial began on April 30, 2019.[3] Even assuming the 35 days between March 26,

---

[3] The March 26 trial date was vacated, eventually reset to May 14, 2019, and then

1   2019, and April 30, 2019, count against the 180-day requirement, the total number of non-excludable days would only equal 110 (75 plus 35)—fewer than the 180 days needed for Petitioner to have a potentially meritorious IAD claim.

Petitioner cites *Brown* to say when "the trial judge has not attempted to transfer the case to another judge or to adjust or increase the criminal calendar, the weight of authority supports the view that the court is not sufficiently congested to constitute good cause for extension." 706 F.2d at 906. But Petitioner fails to cite any case from the Supreme Court indicating it has adopted this rule. And as the Supreme Court has advised, "[i]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." *Harrington*, 562 U.S. at 101 (citation omitted).

The Court notes Petitioner makes several arguments in his Reply that the State allegedly failed to comply with state-court rules of procedure relating to how quickly a trial must be held. *See* doc. 25 at 19–23. Claims for violations of state-court rules of procedure are not cognizable in federal habeas proceedings. "[F]ederal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

Because Petitioner cannot show there was no reasonable basis for the denial of his IAD claim in state court, he has failed to establish the state-court decision was inconsistent with United States Supreme Court precedent.

## IV.   CONCLUSION

Petitioner's habeas Petition lacks merit and his claim is likely not cognizable. The record is sufficiently developed, and the Court finds an evidentiary hearing is unnecessary for resolving this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011).

---

accelerated to April 30, 2019. Doc. 17-1, Ex. H, at 38. At the January 22, 2019 hearing, the Court vacated the March 26 trial date because another of Petitioner's cases conflicted with trial of an out-of-custody, kidnapping defendant in a case with victims. Doc. 29-1, Ex. V, at 81–90. Because of further scheduling issues with another defendant's trial, the trial court moved the May trial date to April 30. Doc. 29-1, Ex. W, at 95, doc. 30-1, Ex. Z, at 11–22.

- 11 -

Accordingly,

**IT IS RECOMMENDED** the Petition for a writ of habeas corpus (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** a certificate of appealability and leave to proceed *in forma pauperis* on appeal be **DENIED**. Petitioner has not demonstrated reasonable jurists could find the ruling debatable or jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal under Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of this Report and Recommendation's copy to file specific, written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days to respond to the objections. Failure to timely object to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely object to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 2nd day of June, 2022.

Honorable Michael T. Morrissey
United States Magistrate Judge